IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMERIS BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:26-cv-59- JTA |
| | ) (WO) |
| BFS CARRIERS LLC, BFS | ) |
| LOGISTICS, LLC, NEAL WHATLEY, | ) |
| and THOMAS SUTTER, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

A plaintiff invoking the court's jurisdiction[1] must establish the basis for subject matter jurisdiction in the complaint. *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994). Plaintiff Ameris Bank's complaint fails to do so. (Doc. No. 1.) Accordingly, for the reasons stated below, Plaintiff shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Plaintiff alleges that, "[p]ursuant to 28 U.S.C. § 1332, this Court maintains subject matter jurisdiction over this case." (Doc. No. 1 at 3 ¶ 16.) Pursuant to § 1332, diversity

---

[1] Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and federal statutes. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Hence, the Court must *sua sponte* evaluate its own jurisdiction at the earliest possible stage of the proceedings, and constantly throughout the course of the action. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). If the Court lacks subject matter jurisdiction, it must dismiss the case. *Id.* ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L. Ed. 264 (1868)).

jurisdiction exists in civil actions filed between citizens of different states[2] and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. Plaintiff's complaint falls short of establishing diversity jurisdiction because it fails to properly allege the citizenship of Defendants BFS Carriers, LLC, and BFS Logistics, LLC. Plaintiff alleges these Defendants are Alabama limited liability companies "organized and existing pursuant to the laws of Alabama" with their principal places of business in Alabama. However, place of incorporation, principal place of business, and the like are useless for establishing the citizenship of a limited liability entity. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, to properly allege the citizenship of an LLC, Plaintiff must name each of the LLC's members and state each member's place of citizenship.[3] If any of the LLC's members is a limited liability entity, Plaintiff must identify and allege the citizenship of each member of that limited liability entity,[4] and so forth.

Furthermore, allegations of an LLC's owner's citizenship are not acceptable for establishing the LLC's citizenship. "[M]embership, not ownership, . . . is critical for

---

[2] According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

[3] For all natural persons, citizenship, not mere residency, must be alleged. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person.").

[4] For a limited liability partnership, Plaintiff must identify each partner and allege the citizenship of each of them. *Rolling Greens*, 374 F.3d at 1022

determining the citizenship of an LLC." *Post v. Biomet, Inc.*, No. 3:20-CV-527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020) (collecting cases). "[T]he terms 'owner' and 'member' have sometimes been used synonymously with respect to limited liability companies," but "these terms are not always interchangeable." *Id*. Hence, "the [c]ourt is unable to presume" allegations regarding limited liability ownership are sufficient to establish membership or, by extension, the existence of diversity jurisdiction. *Id*.

Accordingly, it is ORDERED that, **on or before February 17, 2026**, Plaintiff shall show cause why this case should not be dismissed for lack of subject matter jurisdiction.

***Failure to comply with this Order may result in dismissal for failure to establish the existence of subject matter jurisdiction.***

DONE this 2nd day of February, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

3