IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| AMERIS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:26cv59-MHT |
| | ) | (WO) |
| BFS CARRIERS LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

After consideration of plaintiff Ameris Bank's motion for default judgment against defendants BFC Carriers, LLC, BFS Logistics, LLC, and Neal Whatley (Doc. 22), the court seeks clarification of a couple of matters.

First, the court needs an explanation of how the present value of the remaining future payments was calculated. *See* Am. Compl. (Doc. 9) ¶ 40. The court is unable to confirm that the correct amount is the $ 73,173.47 stated, *see id.*, without seeing Ameris Bank's "math."

Second, as noted in its motion, Ameris Bank's claim

against defendant Thomas Sutter is currently stayed. *See* Mot. For Partial Default J. (Doc. 22) at 1 n.1. Relatedly, plaintiff's attorney Stephen A. Ray's declaration states that he "has not included costs or fees for work performed on any unrelated matter." *Id.* at ¶ 21.  But Ray also states that the invoices include time attorneys worked on the claim against Sutter.  *See* Ray Decl. (Doc. 22-3) at ¶¶ 6, 14, 16-17. And there is at least one billing entry related to Sutter's bankruptcy proceedings.  *See id.* at 17.  Other invoice entries are general—*e.g.*, "Investigated matters related to case," *id.*—and do not specify to which of the defendants the work should be attributed.

From the declarations and invoices provided, the court is unable to ascertain whether the entry regarding work on the claim against Sutter related to resolving the claims against the other defendants, and whether any generally labeled billables should be attributed solely to Ameris Bank's claim against

2

Sutter.  Thus, the court is not able at present to determine the total amount of attorneys' fees that should be attributed to the claims against the three defendants at issue in the pending motion.

***

Accordingly, it is ORDERED that, by July 2, 2026, plaintiff Ameris Bank will file a supplemental brief in support of its motion for partial default judgment against the three defendants (Doc. 22) addressing, explaining, and/or clarifying the above issues.

DONE, this the 25th day of June, 2026.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

3