IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| AMERIS BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:26cv59-MHT |
| ) | (WO) |
| BFS CARRIERS LLC, et al., ) | |
| ) | |
| Defendants. ) | |

OPINION

Plaintiff Ameris Bank filed this action for breach of contract against defendants BFS Carriers, LLC, BFS Logistics, LLC, and Neal Whatley.[1]   Jurisdiction is proper under 28 U.S.C. § 1332 (diversity).   The clerk of court previously entered default against these three defendants at the request of Ameris Bank.   This cause is now before the court on Ameris Bank's motion for entry of default judgment against these defendants,

---

1. Ameris Bank has also sued Thomas Sutter.   The court stayed the proceedings against defendant Sutter, *see* Order (Doc. 20), after considering his notice of stay of proceedings (Doc. 14) due to his filing for bankruptcy.   This opinion and accompanying judgment apply to the other three defendants only.

which seeks damages in the amount of $ 81,374.17, which, in turn, includes principal in the amount of $ 75,354.10 and interest in the amount of $ 6,020.07; and attorneys' fees and costs[2] in the amount of $ 13,024.65.  Ameris Bank also seeks the additional interest that has accrued between the time it filed its motion and the entry of judgment.

## I. MOTION FOR DEFAULT JUDGMENT

### A. Standard

Default alone does not warrant entry of a default judgment.  *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).  "[A] default is not 'an absolute confession by the defendant of his liability and of the plaintiff's right to recover,' but is instead merely 'an admission of the facts cited in the Complaint, which by themselves may or may not be

---

2. The attorneys' fees amount requested by Ameris Bank includes related costs in the amount of $1,065.65. *See* Ray Decl. (Doc. 22-3) ¶ 14.

2

sufficient to establish a defendant's liability.'" *Nutrien Ag Sols., Inc. v. Hamilton*, No. 2:24CV200-MHT, 2025 WL 546364, at *1 (M.D. Ala. Feb. 19, 2025) (Thompson, J.) (quoting *Capitol Recs. v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007) (Steele, J.) (citations omitted)). However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (emphasis omitted).[3]

A default judgment, including the specific nature and extent of the relief sought, must be adequately supported in the record. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters."). "Besides the

---

3. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

pleadings, a court may consider affidavits and declarations." *Nutrien Ag Sols., Inc.,* 2025 WL 546364, at *1 (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995) ("Use of affidavits in granting default judgments does not violate ... due process[.]")).

## B.   Factual Background

Based on the well-pleaded factual allegations of the complaint, and the declarations submitted by Stephen A. Ray and Marisa D. Poulos in support of the motion for default judgment, the court finds the following facts.

On or about October 2, 2023, BFS Carriers signed an equipment financing agreement that obligated it to repay Ameris Bank for the value of the loan the bank provided to BFS Carriers to purchase goods for its

4

business operation.[4]   Pursuant to the agreement, BFS Carriers agreed to repay Ameris Bank in 60 monthly payments of $ 2,180.63 each, commencing November 30, 2023.   At or around the same time, BFS Logistics and Whatley signed agreements guaranteeing--jointly and severally--the payment and performance of the obligations agreed to by BFS Carriers in the equipment financing agreement.

As of January 26, 2026,[5] based on the amended complaint and Poulos's declarations, defaulting defendants owed Ameris Bank $ 75,354.10 in principal and $ 1,040.51 in interest, for a total amount of $ 76,394.61.   Interest accrued on the principal balance at a rate of 18 % per annum, which is $ 37.16 per day. In the event of default, the financing agreement and guaranties required defendants to pay--jointly and

---

4.   The complaint does not explain what the goods are, nor does it explain what BFS Carriers does.

5.   In the amended complaint, filed February 16, 2026, Ameris Bank calculates the damages owed to it as of the date of the original complaint, January 26, 2026.

severally--Ameris Bank's attorneys' fees and costs incurred in collecting the amounts due to Ameris Bank.

BFS Carriers failed to pay Ameris Bank for the financing it provided, and BFS Logistics and Whatley failed to pay Ameris Bank pursuant to their guaranties. Ameris Bank filed this lawsuit against these defendants on January 26, 2026, seeking to recover the full amount due under the financing agreement, plus fees and costs. On February 16, 2026, it filed an amended complaint against all defendants.   A month and a half later, Ameris Bank served BFS Carriers, BFS Logistics, and Neal Whatley each with a summons and a copy of the amended complaint.  *See* Affidavits of Service (Doc. 15, Doc. 17, and Doc. 18).  These defendants did not answer the complaint.

On April 29, 2026, Ameris Bank applied for an entry of default.  The clerk of court entered default against BFS Carriers, BFS Logistics, and Neal Whatley on May 20, 2026.   *See* Clerk's Entry of Default (Doc. 21).

6

Ameris Bank then filed a motion for entry of default judgment a little under a month later.  As of the filing of the motion, defendants owed Ameris Bank an additional $ 4,979.56 in interest accrued since filing the original complaint, resulting in a total amount of $ 81,374.17.  At no point during the proceedings to date has the court heard from these defendants.

## C. Discussion

As an initial matter, the court finds that a hearing is not required on Ameris Bank's motion for default judgment.  While "[t]he court may conduct hearings ... when, to enter or effectuate judgment, it needs to: ... determine the amount of damages," Fed. R. Civ. P. 55(b)(2), "Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment. ..."  10A Fed. Prac. & Proc. Civ. § 2688 (4th ed. (June 2024)).  As the outstanding balance Ameris Bank now seeks is supported by

7

declarations and does not require expert evidence or complex calculations, there is no need for a hearing here.

Ameris Bank has shown its entitlement to breach-of-contract damages in the amount of $ 76,394.61 and attorneys' fees and costs in the amount of $ 13,024.65. The breach-of-contract damages include the remaining principal and interest as required under the financing agreement. Additionally, the financing agreement provides for the recovery of attorneys' fees and costs, and the declaration and supplemental brief submitted by Ameris Bank's attorney corroborate the amounts it now seeks. After review of the declaration and the supplemental brief, and, in the absence of any objection from defendants, the court concludes that the hourly rates requested and time expended are reasonable and necessary to litigate this matter.

Finally, Ameris Bank seeks the interest that has accrued between the time it filed its motion for entry

8

of default judgment and the entry of judgment. Ameris Bank is entitled to $ 1,003.32, which reflects interest calculated at a rate of 18 % per annum for each calendar day that has passed since the motion for entry of default judgment was filed.

## II. RULE 54(b)

Here, Ameris Bank seeks default judgment against only three of the four defendants. *See supra* footnote 1. "When multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "A district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b)." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). "First, the court must determine that its final

9

judgment is, in fact, both 'final' and a 'judgment.'" *Id.* Second, the "court must then determine that there is no 'just reason for delay' in certifying it as final and immediately appealable." *Id.* (citation omitted).

Having shown its entitlement to default judgment against three of the four defendants, the court turns to whether to certify the judgment as final pursuant to Federal Rule of Civil Procedure 54(b).

First, the accompanying judgment "completely dispose[s] of at least one substantive claim," *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995), by fully resolving the breach-of-contract claims against the defaulting defendants.

"Second, ... the district court must then determine that there is no 'just reason for delay' in certifying it[s judgment] as final and immediately appealable." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8

(1980)).   To make this determination, the court must "balance judicial administrative interests and relevant equitable concerns."   *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997). Weighing administrative interests protects the "historic federal policy against piecemeal appeals." *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).   Considering equitable concerns "serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay."  *Id.*

Here, the court finds that Ameris Bank's equitable concerns outweigh judicial administrative interests. This proceeding is stayed indefinitely as to the claim against the fourth defendant due to his bankruptcy proceedings.  Bankruptcy will likely substantially, if not completely, impair Ameris Bank's ability to collect damages from the fourth defendant.  The court thus sees no just reason to delay entering default judgment

11

against the defaulting defendants to allow Ameris Bank to begin collection against the defaulting defendants.

An appropriate judgment will be entered.

DONE, this the 6th day of July, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

12